GEOFFREY HANSEN
Acting Federal Public Defender
ELIZABETH M. FALK
DANIEL P. BLANK
Assistant Federal Public Defenders
450 Golden Gate Avenue
San Francisco, California  94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Daniel_Blank@fd.org

Counsel for Defendant VILLAGOMEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAI VILLAGOMEZ, <br><br> Defendant. | Case No.: CR 18-0599 VC <br><br> **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE RECORDED TELEPHONE CALLS** <br><br> **Court:**   Hon. Vince Chhabria <br><br> **Date:**    March 7, 2022 <br><br> **Time:**    1:00 p.m. |

**ARGUMENT**

The government has produced in discovery numerous recorded Spanish-language telephone calls, and proposed transcripts translating those calls into English. It appears to be the government's theory that some or all of the calls are between Defendant Isai Villagomez and a confidential informant, who is now deceased. However, the voices on the calls themselves do not identify the names of the speakers and the transcripts simply refer to them as "Unidentified Male 1" and "Unidentified Male 2." *See, e.g.,* Bates AGOMEZ-RECORDINGS-000298 to AGOMEZ-RECORDINGS-000388; AGOMEZ-RECORDINGS-000411 to AGOMEZ-RECORDINGS-000457.[1]

Given that the deceased confidential informant is not available to identify at trial any of the speakers on the recordings, and aver based upon personal knowledge that the recordings have not been edited and instead truly and accurately reflect the actual phone conversations in question, the government should be precluded from introducing them in its case in chief unless it somehow otherwise lays a proper evidentiary foundation for their relevance, including identification of the speaker(s), as well as authenticity and chain of custody of the recordings.[2] Without such a proper foundation first demonstrating by "clear and convincing evidence" that the recordings are "true, accurate and authentic," and pertain to the instant case, they would be irrelevant, and their admission unfairly prejudicial to Mr. Villagomez and confusing to the jury. *United States v. Cunningham,* 462 F.3d 708, 713 (7th Cir. 2006) ("In admitting tape recordings, '[t]he Government must prove, by clear and convincing evidence, that the proffered tape is a true, accurate and authentic recording of the conversation between the parties.'") (citation omitted); *see also United States v. Brooks,* 508 F.3d 1205, 1211 (9th Cir. 2007) (citing

---

[1] Due to the volume of the government's produced transcripts, and the narrowness of the legal issues presented in this limine motion, the transcripts are not attached hereto. If the Court determines that seeing copies of the transcripts would nevertheless facilitate its ability to rule on the motion, they can of course be provided.

[2] This could well be an unsurmountable problem for the government, given the extraordinarily hands-off approach of the confidential informant's handler, Special Agent Harland Espinoza. *See* Declaration of Special Agent Harland Espinoza (Docket #161-1) (filed Feb. 11, 2022).

1

*Cunningham*). As such, the recorded calls would have to be excluded under Federal Rules of Evidence 401-403 and 901.

In addition, even if a proper foundation can be laid for the relevance of the calls discussed above, they are presumptively hearsay if offered for the truth of the matter asserted. In particular, while a proper foundation that a speaker is Mr. Villagomez would obviously make his recorded statements admissible non-hearsay under Federal Rule of Evidence 801(d)(2)(A), no such exception would apply to the recorded statements of anyone else, including the deceased confidential informant. Those recorded statements would therefore be inadmissible under Federal Rule of Evidence 802. Accordingly, the government should also be required to make an offer of proof outside the presence of the jury regarding any exception to the hearsay rule before evidence of the recorded calls may be admitted at trial.

## CONCLUSION

For the aforementioned reasons, the Court should exclude all recorded calls from trial unless and until the government make an offer of proof outside the presence of the jury demonstrating their admissibility, including both relevance and authenticity, as well as a valid exception to the hearsay rule.

Dated:   February 22, 2022

Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

              /S
DANIEL P. BLANK
Assistant Federal Public Defender