STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANKUR SHINGAL (CABN 303434)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7261
    FAX: (415) 436-7234
    zachary.abrahamson2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:18-CR-00599 VC |
| Plaintiff, | **UNITED STATES' OFFER OF PROOF** |
| v. | Judge: Hon. Vince Chhabria |
| ISAI ULISES VILLAGOMEZ, | Pretrial Conf.: March 7, 2022 |
| | Time: 2:00 p.m. |
| Defendant. | Trial Date: March 14, 2022 |

The United States hereby responds to the Court's order dated March 4, 2022 requiring an offer of proof regarding Mr. Villagomez's alleged 2014 drug-dealing conduct and 2018 conviction for presenting false identification to a peace officer. *See* Dkt. 203.

**I.    If Mr. Villagomez presents an entrapment defense, then the government will prove with rebuttal witness testimony and certified records that Mr. Villagomez was arrested in August 2014 for importing methamphetamine and later pled to accessory in a case stemming from narcotics charges.**

If Mr. Villagomez presents an entrapment defense at trial, then the government in rebuttal will call Customs and Border Protection ("CBP") Officer Jason Renteria.[1] Officer Renteria started as a

---

[1] The government noticed Officer Renteria as a possible rebuttal witness at 12:36 p.m. on Friday, March 4.

U.S.' OFFER OF PROOF                  1
3:18-CR-00599 VC

federal officer with the Bureau of Prisons in 2004. In 2012, Officer Renteria began working with CBP and has been employed at San Ysidro since that time.

Officer Renteria will provide background information as to how the CBP inspection process for vehicles works generally, including a primary check, a secondary check if necessary, and ultimately a full inspection of the vehicle if deemed necessary. He will also describe the steps that the searching officer generally takes after inspecting the vehicle, including the taking photographs of the vehicle and its occupants and detailing the results of the search.

Pertinent to this case, Officer Renteria will generally testify that, on August 29, 2014, he was working in the secondary inspection area for vehicles crossing the border into the United States. He will testify that a 2013 Ford Focus was sent to the secondary inspection area, and that another officer located a package near the glove box of the vehicle. Officer Renteria will explain that he was then assigned as the searching officer and performed a thorough search of the vehicle. Officer Renteria will testify that, during his search of the car, he recovered a plastic container containing approximately 1.1 pounds of methamphetamine. He will explain that he field-tested the substance and that it came back as presumptively positive for methamphetamine. Officer Renteria will further testify that, after seizing the methamphetamine from the Ford Focus, he personally placed the car's driver and Mr. Villagomez under arrest pursuant to 19 U.S.C. § 1497 (failure to declare a controlled substance), and 21 U.S.C. § 952 (importation of a controlled substances). Officer Renteria will also testify that he recovered approximately $1,125 from Mr. Villagomez's person during a patdown.

Officer Renteria will introduce at least four documents during his testimony:[2]

- VILLAGOMEZ-001262 and VILLAGOMEZ-001265, which are photos taken by Officer Renteria of Mr. Villagomez on August 29, 2014. *See* Declaration of Zachary G.F. Abrahamson in Support of United States' Offer of Proof (hereinafter "Abrahamson Decl."), Ex. A.

- VILLAGOMEZ-001267, which is a photo taken by Officer Renteria of the package of

---

[2] The government produced Exhibits A–D to the Abrahamson Declaration at 6:03 p.m. on Thursday, March 3, twenty minutes after first receiving the exhibits. The government produced Exhibit E to the Abrahamson Declaration at 10:15 p.m. on Saturday, March 5, thirteen minutes after first receiving the exhibit.

methamphetamine recovered from the Ford Focus, as initially discovered in the car's glove compartment. *See* Abrahamson Decl., Ex. B.

- VILLAGOMEZ-001268, which is a photo taken by Officer Renteria of the opened container of methamphetamine recovered from the Ford Focus. *See* Abrahamson Decl., Ex. C.

The government has also produced an August 29, 2014 incident report pertaining to Officer Renteria's search and arrest of Mr. Villagomez. *See* Abrahamson Decl., Ex. D (VILLAGOMEZ-001284–91); and Officer Renteria's subsequent narrative describing the incident, *id*., Ex. E. Although the government will not seek to admit either the report or narrative at trial, it may use them to refresh Officer Renteria's recollection as necessary.

In addition to Officer Renteria's testimony, the government will seek to introduce certified records from San Diego Superior Court related to the August 2014 arrest and subsequent conviction. As relevant here, those records comprise Mr. Villagomez's plea form and a certified minute order from Mr. Villagomez's change-of-plea hearing that reflects the narcotics charges initially filed against Mr. Villagomez. *See* Abrahamson Decl., Ex. F (VILLAGOMEZ-000373–77) and Ex. G (VILLAGOMEZ-000371–72).[3] The certified minute order proves that Mr. Villagomez was charged with two counts of violating California Health & Safety Code § 11379(a) and one count of violating California Health & Safety Code § 11378. *See* Abrahamson Decl., Ex. G ("Violation of HS11379(a), HS11379(a), HS11378"). Respectively, those sections bar importing narcotics into California and possessing a controlled substance for sale. The minute order therefore shows that Mr. Villagomez pled to accessory in a case stemming from drug charges. *See* Abrahamson Decl., Ex. G at VILLAGOMEZ-000371 (reflecting plea of guilty to violating Cal. Penal Code § 32). Finally, the government will introduce Mr. Villagomez's plea form, which contains his accessory plea and his admission that, "[a]fter a felony was committed, I aided the principal to avoid them from receiving arrest."

//

//

---

[3] The government produced Exhibits F–G to the Abrahamson Declaration on February 14.

**II.  If Mr. Villagomez testifies, then the government will prove with certified state court conviction records that Mr. Villagomez was convicted in July 2018 of presenting false identification to a peace officer.**

If Mr. Villagomez testifies at trial, then the government under Rule 609[4] may attack his character for truthfulness with certain criminal convictions. *See* Fed. R. Evid. 609. That rule provides that, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A violation of California Penal Code § 148.9 is such a crime. *See* Dkt. 177 at 16-17 (U.S. Mot. in Limine #5), Dkt. 178 at 4 ("Mr. Villagomez concedes the admissibility of the *fact* of his Cal. Penal Code § 148.9 misdemeanor conviction for impeachment purposes in the event he elects to testify[.]") (emphasis original).

As evidence of Mr. Villagomez's July 2018 conviction under California Penal Code § 148.9, the government will introduce the certified state court records of Mr. Villagomez's conviction. Those records are attached as Exhibit H to the Abrahamson Declaration.[5] The signed and sealed records are self-authenticating, *see* Fed. R. Evid. 902(1), and excepted from the hearsay rule, *see* Fed. R. Evid. 803(8). The records confirm that Mr. Villagomez pled guilty to California Penal Code § 148.9. *See* Abrahamson Decl., Ex. D at VILLAGOMEZ-000385. The records further contain Mr. Villagomez's admission that he "unlawfully identified himself as another person to a peace officer." *Id*. at VILLAGOMEZ-000387. *See also United States v. Shapiro*, No. CR 15-224(B)-DMG, 2017 WL 11593442, at *5 (C.D. Cal. July 17, 2017) ("Generally, a guilty plea is an admission by a party opponent and, therefore, not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A).").

In light of the above evidence of Mr. Villagomez's July 2018 conviction under California Penal Code § 148.9, the government does not intend to call a witness to testify about the facts of that conviction.

---

[4] The parties have conferred regarding the Rule 608 basis for admission of statements included on Mr. Villagomez's plea form for this conviction. *See* Dkt. 199 at 8:9-23. The government hereby withdraws that Rule 608 argument and will seek admission of Mr. Villagomez's false identification conviction only under Rule 609.

[5] The government produced Exhibit H to the Abrahamson Declaration on February 14.

| | |
|---|---|
| DATED: March 7, 2022 | Respectfully submitted, |
| | STEPHANIE M. HINDS<br>United States Attorney |
| | */s/ Zack Abrahamson* |
| | ANKUR SHINGAL<br>ZACHARY G.F. ABRAHAMSON<br>Assistant United States Attorneys |