UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAI ULISES VILLAGOMEZ,<br><br>Defendant. | Case No.  18-cr-00599-VC-1<br><br>**COURT'S RULINGS ON THE MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 169, 170, 171, 174, 177,<br><br>178, 199 |

This order summarizes the Court's rulings on the various motions in limine filed by both the defendant and the government.

1. Government's Motion in Limine No. 1 (Dkt. No. 177 at 6–13). As stated in a prior order, *see* Dkt. No. 215, the government's motion in limine is granted, but the defendant has made an adequate offer of proof and will be permitted to present an entrapment defense.

2. Government's Motion in Limine No. 2 Regarding the Confidential Informant (Dkt. No. 177 at 13–17). As explained at the hearing, Rule 404(b) must be construed to allow a defendant presenting an entrapment defense to introduce evidence pertinent to a government informant's character, even if the informant is not testifying. The government argues that because Rule 404(a), which bans character evidence generally, delineates exceptions for the defendant, the victim, and witnesses, it thereby excludes character evidence pertaining to people who do not fall into any of those three categories. Rule 404(b), however, speaks in broader terms by addressing prior bad acts to "prove a person's character." By its plain terms, the rule applies to any "person" and not just to the defendant, the victim, or witnesses. More, precluding a defendant who is presenting an entrapment defense from introducing evidence pertaining to a government agent's

character would raise serious and significant constitutional concerns. As a result, the defense will

be permitted to introduce evidence of the confidential informant's prior criminal convictions. As

for any other specific instances of prior conduct, the defense must make an offer of proof as to

what acts it seeks to introduce and why they are relevant.

The defense is permitted as well to cross examine Agent Elmore about the character of

the confidential informant. The government agreed that Agent Elmore's characterization of the

confidential informant as "aggressive" is admissible.

The defense also seeks admission of instructions (and potentially contractual agreements)

relating to entrapment that the confidential informant received as part of his work with the

government. The defense has also suggested it will offer evidence of misconduct from other

cases. For these categories of evidence, the defense must make an offer of proof before putting it

in front of the jury.

3. Government's Motion in Limine No. 3 (Dkt. No. 177 at 17–18) / Defendant's Motion

in Limine (Dkt. No. 169) Regarding Recorded Calls and Text Messages. The government seeks

to introduce both recorded phone conversations and text messages between the defendant and the

confidential informant. "To satisfy the requirement of authenticating . . . an item of evidence,"

the government "must produce evidence sufficient to support a finding that" the phone

recordings and text messages are what the government claims them to be. The parties contest

what standard of proof governs the admissibility of tape recordings. *Compare United States v.*

*Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (finding that the "government need only make a

prima facie showing of authenticity"), *with United States v. King*, 587 F.2d 956, 961 (9th Cir.

1978) (requiring the government to "produce clear and convincing evidence of authenticity and

accuracy as a foundation for the admission of . . . recordings" (quoting *United States v. Knohl*,

379 F.2d 427, 440 (2d Cir. 1967)).

The standard of proof is neither here nor there. First, the government has made a

sufficient offer of proof regarding the authenticity of the recordings and the text messages. The

defendant can, of course, cross examine witnesses about the Callyo application and its capacity

to accurately record conversations. But the government's offer of proof is enough to clear the clear and convincing admissibility threshold. Second, the defense does not appear to dispute that it was the defendant's voice on the recordings, so there is no need for the government to elicit testimony from a witness to attest that they recognize the defendant's voice. The issue can be addressed on rebuttal if, contrary to expectation, the defendant attempts to cast doubt about whether it was his voice on the recordings.

4. Government's Motion in Limine No. 4 (Dkt. No. 177 at 18–20) / Defendant's Motion in Limine (Dkt. No. 170) Regarding Expert Testimony. The government's motion to admit the identified expert testimony is granted subject to its representation that the testimony offered by Austin Curnow and Charmaine Qiu will hew to the opinions they disclosed in advance of trial.

5. Government's Motion in Limine No. 5 (Dkt. No. 177 at 20–23) / Defendant's Motions in Limine (Dkt. Nos. 174, 178) Regarding the Defendant's Criminal Record.

- 2014 Conviction Under Cal. Penal Code § 32. In the event the defendant testifies, the fact of the conviction may be admitted under Rule 609, along with a description of what penal code section the defendant pleaded guilty to violating. Furthermore, because the defendant has stated his intent to present an entrapment defense, the government is permitted to present the testimony of the agent involved in the incident, including his observations and the reasons why he arrested the defendant.

- 2018 Conviction Under Cal. Penal Code § 148.9. In the event the defendant testifies, the fact of the conviction may be admitted under Rule 609, along with a description of what penal code section the defendant pleaded guilty to violating.

- 2018 Statement to San Diego Law Enforcement. The government withdrew its motion to admit the defendant's statement, so this portion of its motion is moot.

6. Government's Motion in Limine No. 6 Regarding Consent to Search (Dkt. No. 177 at 23). The government explained at the pretrial conference that it needs to consider whether the fact that Gaxiola consented to a search of the vehicle is relevant to its theory of the case. The government should be prepared to address whether it seeks to admit evidence relating to the

consent issue at the exclusion hearing on Monday, March 14, 2022. If it plans to seek admission of evidence relating to Gaxiola's consent, it must identify the moment (or moments) that it believes depict the consent.

7. Government's Motion in Limine No. 7 (Dkt. No. 177 at 23–24) / Defendant's Motion in Limine (Dkt. No. 171) Regarding Defendant's Prior Statements. The motions are denied as moot given the government's concession that it does not seek to introduce testimony relating to the defendant's 2018 comments to San Diego law enforcement.

8. Government's Motion in Limine No. 8 Regarding Hearsay (Dkt. No. 177 at 24–25). The motion is denied as moot with respect to the defendant's statements to San Diego law enforcement in 2018. The defendant's statements to the confidential informant are admissible. As explained above, the defendant does not dispute that he was the one who made those statements. The motion is granted as to the other statements, but they are subject to other limitations. Although the defendant's statements as part of his guilty pleas may not be hearsay because they count as admissions by a party opponent, the government still must tailor its questions within the confines of Rule 609. Evidence of the defendant's "prior conviction, its general nature, and punishment of felony range" are "fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quotations and citation omitted). But absent "exceptional circumstances" arising at trial, the government may not introduce the "collateral details and circumstances attendant upon" the defendant's prior convictions. *United States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983). The government is therefore permitted to introduce evidence pertaining to the fact of the defendant's prior convictions, their nature, and the punishment range for those offenses. It may not, however, introduce the underlying factual details relating to those offenses.

The government also seeks to admit a declaration filed by the defendant in connection with his motion to suppress. The defense has not responded to that portion of the government's motion. If the defense objects to the admission of the defendant's declaration, it must do so no later than 12:00 p.m. on Monday, March 14, 2022.

5

9. Government's Motion in Limine No. 9 Regarding Sequestration (Dkt. No. 177 at 25).

The motion is granted: Witnesses must be excluded from trial except when testifying.

**IT IS SO ORDERED.**

Dated: March 10, 2022

_____

VINCE CHHABRIA
United States District Judge