JODI LINKER
Federal Public Defender
ELIZABETH M. FALK
DANIEL P. BLANK
Assistant Federal Public Defenders
450 Golden Gate Avenue
San Francisco, California  94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Daniel_Blank@fd.org

Counsel for Defendant VILLAGOMEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAI VILLAGOMEZ, <br><br> Defendant. | Case No.: CR 18-0599 VC <br><br> **DEFENDANT'S RESPONSE TO THE COURT'S RULINGS ON THE LIMINE MOTIONS (DOCKET #217)** <br><br> **Court:** Hon. Vince Chhabria <br><br> **Date:** March 14, 2022 <br><br> **Time:** 11:00 a.m. |

**ARGUMENT**

In its Rulings on the Motions in Limine (Docket #217) (filed Mar. 10, 2022), the Court indicates some issues where further response from the parties is invited. Along these lines, Defendant Isai Villagomez is pleased to submit this response.[1]

## I.  DEFENSE HAS NOT STIPULATED TO VOICE ON RECORDING

In ruling on an issue raised in limine by both the government and the defense, regarding the admissibility of recorded telephone calls, the Court states that "the defense does not appear to dispute that it was the defendant's voice on the recordings, so there is no need for the government to elicit testimony from a witness to attest that they recognize the defendant's voice." Docket #217 at 3 (addressing Docket ##169, 177). However, counsel for Mr. Villagomez respectfully wish to clarify that the defense has not stipulated that the voice of Mr. Villagomez is one of the voices on the telephone calls and, on the contrary, has in fact explicitly objected to the admission of the recordings, *inter alia,* if the government cannot establish a proper foundation as to the voices on them. *See* Docket #169 ("*Given that the deceased confidential informant is not available to identify at trial any of the speakers on the recordings,* and aver based upon personal knowledge that the recordings have not been edited and instead truly and accurately reflect the actual phone conversations in question, *the government should be precluded from introducing them in its case in chief unless it somehow otherwise lays a proper evidentiary foundation for their relevance, including identification of the speaker(s),* as well as authenticity and chain of custody of the recordings.") (emphasis added); *see also* Docket #194 (filed Feb. 28, 2022) at *13-*14 (arguing that "the government's proffer for authenticating Mr. Villagomez as one of the voices on the recordings also fails").

As the proponent of the audio recordings in this case, the government of course bears the burden to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Mr. Villagomez respectfully maintains his prior contention that, for audio recordings, the standard of proof for establishing authenticity,

---

[1] Additional responses relating to other issues raised by the Court's rulings may follow as appropriate.

including the identity of the speaker, is clear and convincing evidence. *See* Docket #217 at 2 (citing *United States v. King,* 587 F.2d 956, 961 (9th Cir. 1978) (requiring the government to "produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of . . . recordings" (quoting *United States v. Knohl,* 379 F.2d 427, 440 (2d Cir. 1967)).

The government may of course attempt to authenticate the voices on the recordings by asking Mr. Villagomez questions on cross-examination when he testifies during the defense case. However, if the government instead seeks to introduce the recordings during its own case in chief, it will have to meet its burden of authentication with some other competent witness, if there is any. Regardless of whether Mr. Villagomez ultimately disputes whether any of the voices on the recordings are his, he has not entered into any stipulation that relieves the government of its evidentiary burden to establish the authenticity of the recordings, including the identity of the speakers, before they may be admitted as evidence against him at trial, and in fact he has specifically (and repeatedly) objected along these lines. Defense counsel apologize for any confusion on this point.

## II.      SUPPLEMENTAL OPPOSITION TO GOVT'S MOTION IN LIMINE NO. 8

As noted by the Court, Docket #217 at 4, counsel for Defendant Isai Villagomez failed to respond to one aspect of Government's Limine Motion 8, regarding its intent to possibly introduce into evidence at trial the statements of Mr. Villagomez "offered in his February 26, 2021, declaration in this case." *See* United States' Motions in Limine (Docket #177) (filed Feb. 22, 2022) at 19 (citing Declaration of Isai Villagomez (Docket #67) (filed Feb. 26, 2021)). The failure to respond on that point was inadvertent; counsel for Mr. Villagomez regret the oversight and appreciate the opportunity to respond now.

As the Court is aware, the declaration referenced in the government's limine motion was filed in connection with the litigation on his motion to suppress. *See* Docket #49 (filed Dec. 11, 2020); *see also* Docket #109 (filed Aug. 13, 2021). The Supreme Court has long held that such statements made by a defendant in support of a motion to suppress cannot be used against him to prove his guilt as trial. *See Simmons v. United States,* 390 U.S. 377, 393-94

(1968); *see also, e.g., United States v. Ulbricht,* 2014 WL 5090039 (S.D.N.Y. Oct. 10, 2014) at *8 (noting that "any declaration or affidavit" that a defendant submits in support of a motion to suppress "may not be offered against him at trial" (citing *Simmons,* 390 U.S. at 393-94)). Accordingly, Mr. Villagomez respectfully objects to the admission of any evidence regarding the statements in his declaration during the government's case in chief.[2]

## CONCLUSION

The opportunity to further respond to the Court's rulings is greatly appreciated.

Respectfully submitted,

Dated:   March 10, 2022

JODI LINKER
Federal Public Defender
Northern District of California

            /S
DANIEL P. BLANK
Assistant Federal Public Defender

---

[2] Such a declaration may, however, be used for impeachment if the defendant's testimony at trial is materially inconsistent with it. *See, e.g., United States v. Beltran-Gutierrez,* 19 F.3d 1287 (9th Cir. 1994)

3