JODI LINKER
Federal Public Defender
Northern District of California
ELIZABETH FALK
DANIEL P. BLANK
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:      Elizabeth_Falk@fd.org


Counsel for Defendant VILLAGOMEZ


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ISAI VILLAGOMEZ,<br><br>          Defendant. | **Case No.:** CR 18–599 VC<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF ON MOTION IN LIMINE TO EXCLUDE RECORDED PHONE CALLS; REQUEST FOR EVIDENTIARY HEARING**<br><br>**Court:**     Courtroom 4, 17th Floor<br>**Date:**      March 14, 2022, 10:00 a.m. |

1

**INTRODUCTION**

2       Based upon newly disclosed evidence from the government, Defendant Isai Villagomez

3   respectfully submits this supplemental brief in support of his Motion in Limine to Exclude Recorded

4   Calls.  Docket #169 (filed Feb. 22, 2022).[1]  Specifically, on March 9th at 4:37 p.m., the government

5   informed the defense for the first time that Coast Guard Investigative Service Agent Espinoza had

6   assigned the confidential informant (CI) in this case *seven* additional masked phone numbers used in

7   the Callyo application which did not result in recordings, in addition to the one number that did result

8   in recordings. *See* Exhibit A (Redacted).

9       As discussed below, this newly disclosed evidence raises a substantial issue regarding the

10  consent of the participants necessary for the admission at trial of the telephone conversations from the

11  one recorded masked phone number used in the Callyo application.  Along these lines, the

12  government has failed to establish knowing and voluntary consent on the part of the CI to participate

13  in the recorded calls, and of course it is undisputed that the targeted suspect did not consent.  Not

14  only is there a total absence of any evidence suggesting consent on the part of the CI, there is great

15  circumstantial evidence suggesting the opposite:  that the CI had no knowledge that the calls were

16  being recorded.

17

**ARGUMENT**

18  **I.    The Government Must Prove That At Least One Party to the Recorded Calls and Text
        Messages Consented to Their Being Recorded**

19

20      Title III of the Omnibus Crime Control and Safe Streets Act of 1968 provides that the

21  government is only allowed to intercept communications with the knowing consent of one of the

22  parties to the communication. *See, e.g., United States. v. Ligambi,* 891 F.Supp.2d 709, 716 (E.D. Pa.

23  2012); *see also* 18 U.S.C. §2511(2)(c).  This requirement is consistent with the long-recognized Fourth

24  Amendment privacy interest in telephone conversations.  *See Katz v. United States,* 389 U.S. 347, 353-

25  54 (1967); *see also United States v. Kirk,* 534 F.2d 1262, 1272 (8th Cir. 1976) ("It is well settled that a

26

27  [1] In an order filed March 10, 2022, the Court initially indicated that this motion would be denied.  *See*
    Docket #217.  However, the Court subsequently issued orders setting a date for a further hearing on
28  various issues related to that motion on Monday, March 14, 2022.  *See* Docket #219 (filed Mar. 11,
    2022); *see also* Docket #222 (filed Mar. 12, 2022).

1   defendant's Fourth Amendment rights are not violated when the defendant's conversations with a

2   government informant are recorded with the consent of the informant.").

3       The burden is on the government to prove knowing and voluntary consent to a recorded

4   telephone call. *United States v. Gomez*, 900 F.2d 43, 44 (5th Cir. 1990). To establish such consent, it

5   is enough for the government to present evidence that the informant, knowing they were being

6   monitored, continued forward with the call. *United States v. Bonanno*, 487 F.2d 654, 659 (2d Cir.

7   1973). Absent evidence demonstrating the informant's knowledge of the monitoring, however, the

8   recordings of the calls and text messages are inadmissible at trial. *See Gomez*, 900 F.2d at 46. In

9   determining the validity the CI's consent, the court must look at the totality of circumstances

10   surrounding the events in question. *Kirk*, 534 F.2d at 1272.  Significantly, the government in this case

11   to date has offered no evidence that the CI, while being handled by Agent Espinoza, ever knowingly

12   and voluntarily consented to the recording of calls and text messages.

13   **II.**   **Agent Espinoza Has No Contemporaneous Evidence of the CI's Consent to be Recorded**

14       As the Court is aware, CIs in the usual case are closely monitored by way of searching their

15   person during an operation, recording calls they make under law enforcement supervision, providing

16   physical recording devices they must install on their person, having them sign agreements where they

17   consent to being recorded, or some combination of the above.  In this case, however, Agent Espinoza

18   managed the CI quite remotely. There is not a single report or note of any kind contemporaneously

19   documenting any of Espinoza's investigation into Mr. Villagomez, neither to Mr. Villagomez's

20   observed conduct, nor as it relates to the handling of the CI.

21       Espinoza does have 2016 handler agreements signed by him and the CI. However, those

22   agreements mention nothing with respect to any consent to be recorded. *See* Exhibit B (filed under

23   seal). This is consistent with the 2016 "Coast Guard's Confidential Informant Program Policies and

24   Procedures," which only discusses consent with respect to searching a CI's car. *See* Exhibit C (filed

25   under seal) at VILLAGOMEZ-001326. Absent a more recent agreement, it appears that discussing

26   consent to be recorded was not part of the practice of the Coast Guard when handling CIs.

27   / / /

28   / / /

DEFENDANT'S SUPP. BRIEF ON RECORDINGS
*VILLAGOMEZ*, CR 18–599 VC

1
2

### III.   There Is Substantial Circumstantial Evidence Suggesting the CI Did Not Know His Communications Were Being Recorded

3

In addition to the lack of any mention of consent to record telephone conversations in the CI

4

agreement in this case, there is further substantial circumstantial evidence suggesting the CI did not

5

know his communications were being recorded.

6

One of the key functions of the Callyo application is its ability to offer informants safe masked

7

numbers.[2] Unlike most cases applying the rule of the *Bonanno* case, the newly disclosed evidence by

8

the government here of multiple unrecorded masked numbers assigned to the CI by Espinoza

9

indicates that his diligent use of Callyo was not necessarily because the CI knew he was being

10

recorded on one of them; instead it merely indicates the CI's intent to protect his identity with

11

masked numbers.  Significantly, it is undisputed that the CI in this case was using the recording

12

device absent direct supervision from Agent Espinoza, and the monitoring feature inside the Callyo

13

application itself is automatically activated without any action required by the CI.  Because the CI

14

could not disable the recording feature on any given masked number, the CI was interacting with the

15

Callyo app in the same manner regardless of whether a recorded line or unrecorded number was

16

involved.  Accordingly, the CI's mere use of one automatically recorded masked number among

17

several other masked numbers is not evidence of his consent.

18

Callyo aside, there is still more circumstantial evidence that is inconsistent with the CI having

19

knowingly consented to being recorded. Agents Elmore and Cahill both declared no knowledge of the

20

existence of any recorded calls made in this case by the CI. *See* Exhibits F, G. Between November

21

4th and November 6th, there appear to have been more than 20 calls shared between the CI and either

22

Elmore or Cahill. *See* Exhibit H (filed under seal).[3]  The fact that the CI apparently did not mention

23
24

25

[2] "A covert application provided to the source device manages configuration of the source device and covert interception of the communication. The intercepting of communications at the source device is performed covertly to protect the source in instances where the source is an undercover informant with the agency." *See* Exhibit D.  Patent US 9,692,884 B2 "Covert on Device Communications Monitoring" was invented by Christopher Ryan Bennett, founder of Callyo. *See* Exhibit E.

26

27

28

[3] Where Elmore's phone is 415-XXX-1572, Cahill's phone is 415-XXX-9678.

1   the existence of 37 recorded calls over the preceding 10 days, that would corroborate his work and

2   presumably permit him to make more money, strongly indicates that he did not know that the calls

3   were recorded.

4        Accordingly, for this additional reason, the Court should exclude all evidence of the recorded

5   calls from trial.  At a minimum, the Court should order the government to make a proffer outside the

6   presence of the jury of what evidence it would present to demonstrate that the CI consented to the

7   recording of the telephone calls in this case.

8   **CONCLUSION**

9        For the reasons stated above, the Court should grant the defense's motion for reconsideration,

10  thereby excluding all recorded communications between the CI and the targeted suspect, or

11  alternatively order an evidentiary hearing in this case as to the CI's voluntary consent to be recorded

12  from around the time of October 25, 2018 to November 5, 2018.

13

14  Dated:     March 13, 2022              Respectfully submitted,

15                                         JODI LINKER

16                                         Federal Public Defender
                                       Northern District of California

17

18                                         /S
                                       ELIZABETH FALK

19                                         DANIEL P. BLANK
                                       Assistant Federal Public Defenders

20

21

22

23

24

25

26

27

28