**STANDARD PRELIMINARY JURY INSTRUCTIONS FOR CRIMINAL CASES**
*From the Ninth Circuit Model Instructions (2021) with Slight Modifications*

1. Duty of Jury ................................................................................................................ 2

2. The Charge—Presumption of Innocence ................................................................... 3

3. What Is Evidence ........................................................................................................ 4

4. What Is Not Evidence ................................................................................................. 5

5. Direct and Circumstantial Evidence ........................................................................... 6

6. Ruling on Objections .................................................................................................. 7

7. Credibility of Witnesses ............................................................................................. 8

8. Conduct of the Jury .................................................................................................... 9

9. No Transcript Available to Jury; Taking Notes ....................................................... 11

10. Bench Conferences and Recesses ............................................................................ 12

11. Contact with Jurors .................................................................................................. 13

1. <u>Duty of Jury</u>

Jurors: You are now the jury in this case, and I want to take a few minutes to talk about your duties as jurors and give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and evaluate all the evidence received in the case and, in that process, to decide the facts. It will also be your duty to apply the law that I give you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

2.  <u>The Charge—Presumption of Innocence</u>

This is a criminal case brought by the United States government. The government charges the defendant with possession with intent to distribute more than 100 grams of heroin.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

### 3. What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

### 4. What Is Not Evidence

The following things are not evidence, and you may not consider them as evidence in deciding what the facts are:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

5. <u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

Let me give you an example. Say you wake up one morning and you see that the ground is wet outside. That's circumstantial evidence that it rained last night. Now let's say you wake up in the middle of the night, look out the window, and see rain. That's direct evidence that it rained last night.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

6. <u>Ruling on Objections</u>

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

7.  Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying (although please remember that people may have different reactions to the pressure of testifying in court);

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

8. Conduct of the Jury

Keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. So until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial. Of course, you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But if they ask you any follow-up questions about the case, you should say that the judge has ordered you not to discuss it further. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the Courtroom Deputy.

Because you will receive all the evidence and legal instruction you properly may

consider to return a verdict, do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not investigate or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to the Courtroom Deputy as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Courtroom Deputy immediately.

### 9. No Transcript Available to Jury; Taking Notes

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

I want to warn against taking too many notes, though. Occasionally I see a juror trying furiously to write everything down, and in the process they seem to be missing some important aspect of the testimony. Please make sure to pay attention to the questions the lawyers are asking and the way the witnesses are answering.

Also, although you won't have a trial transcript in the jury room, if you decide during your deliberations that it's important to hear certain testimony again, you can request that testimony be read back to the jury. We would bring you all back into the courtroom and the court reporter would read it aloud. Keep in mind that I may order that a larger portion of the testimony be read, to ensure that you are reminded of the full context.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

10. <u>Bench Conferences and Recesses</u>

During the trial, occasionally I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom or by calling a recess. These conferences are kept to an absolute minimum—I have instructed the lawyers to front issues with me in advance, before you get here or after you've left for the day—so that we can use your time most efficiently. But when we do have conferences, please understand that the purpose is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

## 11. Contact with Jurors

During trial you may run into the trial participants in the hallway or cafeteria or something like that. I have instructed the participants to ignore jurors if they see them. So for example, if the elevator door opens and the lawyers see you and decide not to get in with you, they are not being rude; they're just following my order.