KEKER, VAN NEST & PETERS LLP
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
VICTOR H. YU - # 325411
vyu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Non-Party
CALLYO 2009 CORP.

FILED
MAR 15 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ISAI ULISES VILLAGOMEZ,<br><br>        Defendant. | Case No. 3:18-cr-599 VC<br><br>**NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO NON-PARTY CALLYO 2009 CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Location:  Courtroom 4, 17th Fl.<br>Judge:     Hon. Vince G. Chhabria<br><br>Trial Date: March 15, 2022 |

## NOTICE OF MOTION TO QUASH SUBPOENAS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, at a date and time to be determined by the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 4, non-party Callyo 2009 Corp. ("Callyo") will and hereby does move, pursuant to Federal Rule of Criminal Procedure 17(c)(2), for an order quashing Defendant Isai Ulises Villagomez's subpoenas to Callyo. This motion is based upon this notice and motion, the accompanying Memorandum of Points and Authorities, oral argument of counsel at hearings, all pleadings and papers on file in this action, and any other matters the Court may properly consider by judicial notice or otherwise.

Dated: March 15, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ Nicholas D. Marais
NICHOLAS D. MARAIS
VICTOR H. YU

Attorneys for Non-Party
CALLYO 2009 CORP.

---

1

NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO NON-PARTY
CALLYO 2009 CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:18-cr-599 VC

1839181

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Just days before trial, Defendant Isai Villagomez served two subpoenas—one for documents and another for testimony—on non-party Callyo 2009 Corp. ("Callyo"). Those subpoenas have all the hallmarks of an unbounded and improper fishing expedition: they seek "*all*" information related to at least ten different topics, *none* of which is the specific calls or call records at issue in this case. The subpoenas are based not on evidence of misconduct or tampering, but on counsel's speculative "unanswered questions" about Callyo's products, its operations, and its highly confidential internal documents. The subpoenas are unduly burdensome, unnecessarily late, and seek information that is neither relevant nor admissible. Respectfully, they must be quashed.

Callyo understands that, at trial, the government intends to introduce records of phone conversations and text messages between Mr. Villagomez and a confidential informant. According to submissions from both sides, some or all of those exchanges were apparently logged and recorded using an application created by Callyo. The government has indicated that it will call a special agent to testify about the authenticity and completeness of its records.[1] The defense attempted to exclude those records because, it argues, they lack foundation and the government cannot establish their authenticity. *See* Dkt. 169 at 1. The Court has denied the defendant's requests, noting that he is free to cross-examine any sponsoring witness at trial. *See* Dkt. 217 at 2–3. Callyo also understands that the defense now alleges that some of the relevant recordings might be missing, or truncated, or might have been tampered with.

Earlier this month, Mr. Villagomez served two broad subpoenas on Callyo, demanding a laundry list of irrelevant background materials: "*all* user manuals, software installation manuals, training manuals, … deployment agreements, user agreements, promotional or marketing materials, and contracts" shared with the Coast Guard; and "*all* information regarding the confidence and reliability testing that was done on Callyo's software/application…." *See*

---

[1] *See generally* Dkt. 213-1 at ¶¶ 6–7 (explaining that outgoing and incoming calls and text messages are automatically recorded).

1

Dkt. 225-2 at 4.

It is well established under *Nixon* that defendants cannot use Rule 17 subpoenas to conduct unbounded, exploratory discovery. Rather, they must identify *specific* requests for *relevant* and *admissible* documents. Here, Mr. Villagomez's demands fall well short of those strict requirements. **First**, the defense fails to identify specific documents. The subpoena does not, for instance, seek call records; it never even identifies phone numbers or time periods that might be relevant to this dispute. Instead, it seeks "*all*" documents related to various applications' functionality, use, reliability, and testing. This is a clear effort to mine Callyo's files for *anything*—including the company's confidential internal documents—that *might* provide some avenue to challenge the sponsoring witness. Of course, there are simpler, more specific ways to do that: the defense could, for instance, compare the government's records to other phone records in its possession, or it could cross-examine the government's sponsoring witness about whatever evidence it believes is missing. **Second**, the requested records are irrelevant: Callyo's documents will shed no light on whether the government manipulated its recordings. And, **third**, *even if* the documents sought by the subpoena were relevant, they would still be inadmissible as hearsay.

For these reasons, and those detailed below, Callyo requests that the Court quash the two pending subpoenas.

## II.   BACKGROUND

Based on the docket, Mr. Villagomez appears to have had several phone conversations with a confidential informant for the United States Coast Guard. *See* Dkt. 161 at 2. The government claims that these phone calls were preserved using an application created by Callyo that was installed on the informant's phone. *See id*.

At first, Mr. Villagomez moved to exclude these records by arguing that the government could not "lay[] a proper evidentiary foundation," accurately identify the speakers, or testify competently as to the "authenticity and chain of custody of the recordings." *See* Dkt. 169 at 1. Mr. Villagomez also suggested that the records were "presumptively hearsay" unless the government could prove that he was one of the recorded speakers. *Id.* at 2. In his motion to exclude, Mr. Villagomez did not suggest that the records were incomplete or had been tampered

2

NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO NON-PARTY CALLYO 2009 CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:18-cr-599 VC

1839181

1  with. *Id.*

2  On the same day that Mr. Villagomez filed his motion to exclude the recordings, defense
3  counsel also moved the Court for two subpoenas to Callyo.

4  On March 9, 2022, the government proffered a declaration, signed by Agent Harland
5  Espinoza, a Coast Guard employee, who attested to the authenticity of records of calls between
6  Callyo and the informant. *See* Dkt. 213-1 at ¶¶ 3–11. On March 10, 2022, the Court denied
7  Mr. Villagomez's motion *in limine*. *See* Dkt. 217. The Court concluded that the government had
8  made "a sufficient offer of proof regarding the authenticity of the recordings and the text
9  messages," and that Mr. Villagomez could rebut the government's theory by cross-examining
10 Mr. Espinoza at trial. *Id.* at 2.

11 In the interim, on the afternoon of March 2, 2022, the defendant served his subpoenas on
12 Callyo's process agent, demanding that the company produce documents within just three
13 business days. Mr. Villagomez demanded "all" documents that fell into two broad categories:

14     1.   "***All*** user manuals, software installation manuals, training manuals" and ***all***
15         "deployment agreements, user agreements, promotional or marketing materials,
16         and contracts" regarding ***any*** "software, hardware, application, Cloud-based
17         technology, or other technology service provided by Callyo to the Coast Guard"
18         for purposes of recording and monitoring phone calls and text messages. *See*
19         Dkt. 225-2 at 4 (emphasis added); and

20     2.   "***All*** information regarding the confidence and reliability testing" performed on
21         Callyo's products. *Id.* (emphasis added).

22 These requests were unbounded; they did not identify any witnesses, informants, phone
23 numbers, or time periods. In a supporting declaration, defense counsel speculated that these
24 documents might somehow be used to address "unanswered questions" about Callyo, which could
25 include topics like whether recording is "a volitional act" that could be "engaged … at will,"
26 whether the service would automatically "record an incoming call," how the app "intersect[s]
27 with telephone records," and "many [other] unanswered questions." *See* Feb. 24, 2022 *Ex Parte*
28 Application and Falk Decl. ¶ 4; *but see* Dkt. 223 at 34:11–13 (arguing, in a different context, that

3

NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO NON-PARTY
CALLYO 2009 CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:18-cr-599 VC

1839181

it is "undisputed that … the monitoring feature inside the Callyo application itself is automatically activated without any action required by the CI").

On March 14, 2022, counsel for Callyo and the parties appeared before the Court, and the Court requested that Callyo file its motion to quash by March 15, 2022.[2]

### III.    ARGUMENT

#### A.    Mr. Villagomez's Rule 17 document subpoena must be quashed.

Under Rule 17(c), defendants are authorized to subpoena documents from non-parties only if they demonstrate "(1) relevancy, (2) admissibility, and (3) specificity." *See United States v. Nixon*, 418 U.S. 683, 700, 702 (1974). Because Mr. Villagomez fails to meet any of those thresholds, his subpoena should be quashed.

##### 1.    The subpoena seeks information and documents that are irrelevant to Mr. Villagomez's defense.

Records sought under Rule 17(c) must have a "sufficient likelihood" of being "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. "In assessing relevance, the court must determine whether the requested material has any tendency to make a fact more or less probable than it would be without the evidence and whether that fact is of consequence in determining the action." *United States v. Stukenbrock*, 2016 U.S. Dist. LEXIS 171563, *4 (N.D. Cal. Dec. 9, 2016) (citations omitted).

When it comes to explaining *why* he needs these documents, Mr. Villagomez speculates that they might help resolve "unanswered questions" about records the government has produced. Specifically, Mr. Villagomez appears to believe that recordings the government plans to introduce might have been tampered with, although he offers no evidence to support that theory, and never explains how knowing what an application *can* do will help the jury assess what the government *did* do. Of course, as the Court has noted elsewhere, the defense will have an opportunity to cross-examine Mr. Espinoza if or when he testifies that the government's evidence is authentic, reliable, and complete. *See* Dkt. 217 at 2–3. But gathering third-party documents for

---

[2] In light of the Court's instructions at the March 14 hearing, Callyo files this motion without noticing it for hearing. Counsel for Callyo is available to discuss these issues at the Court's convenience.

4

NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT'S SUBPOENAS TO NON-PARTY CALLYO 2009 CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 3:18-cr-599 VC

1839181

impeachment purposes—as the defense hopes to do through this subpoena—is no basis for compelling production. To the contrary, "the need for evidence to impeach witnesses is *insufficient* to require its production in advance of trial." *Nixon*, 418 U.S. at 701 (emphasis added); *see United States v. Cervantes*, 2016 U.S. Dist. LEXIS 75486, *4 (N.D. Cal. June 9, 2016) (quashing subpoena seeking material related to a potential witness for impeachment purposes).

What's more, it's unclear how *background* documents about Callyo's products would contradict whatever recordings the government plans to introduce. If Mr. Villagomez's theory is that those recordings are an incomplete record, he should make that case by reference to the government's documents, its witnesses' testimony, or other corroborating call records in his possession—not by speculative references to the application's potential capabilities.

### 2. The subpoena is an improper fishing expedition into Callyo's business.

Even if Mr. Villagomez could articulate a theory of relevance, his subpoena would still need to be quashed for failing to identify *specific* records.

A subpoena may not be based on "a mere hope that some relevant material might turn up." *United States v. Pac. Gas & Elec. Co.*, 2016 WL 1212091, at *10 (N.D. Cal. Mar. 28, 2016). Rather, the proponent must have "a clear sense of how it intends to ultimately use" information sought by the subpoena at trial. *Id.* One clear warning sign of a fishing expedition are requests—like those in the subpoena—for "any and all documents," because that language "suggests that the subpoena's proponent merely seeks to obtain information helpful to the defense by examining large quantities of documents," rather than attempting to seek specific documents for use at trial. *See United States v. Reyes*, 239 F.R.D. 591, 606 (N.D. Cal. 2006) (internal quotations omitted). "Courts will generally find the use of broad requests, such as for 'all files' or 'all records' pertaining to a given subject, not sufficiently specific." *United States v. Aguilar*, 2008 WL 3182029, at *7 (N.D. Cal. Aug. 4, 2008).[3]

---

[3] *See, e.g., United States v. Zavala-Tapia*, 2010 WL 5330506, at *1 (E.D. Cal. Dec. 17, 2010) (quashing subpoena request for "any materials" from officer's personnel files as an improper fishing expedition); *United States v. Carn*, 2016 WL 128138, at *2 (D. Nev. Jan. 11, 2016) (denying as overbroad requests seeking "information generally relating to the investigation which

5

That is what Mr. Villagomez has done here: his first request is for "all user manuals, software installation manuals, training manuals," and so on; his second is for "all information regarding the confidence and reliability testing...." *See* Dkt. 225-2 at 4. Both the subpoena and its supporting declaration refer repeatedly to "all information" and "all documents," and they do so without any restrictions, without identifying any relevant phone numbers, and without setting any time limitations. *See id.* These sorts of requests are inappropriate under Rule 17.

### 3. The subpoena does not seek admissible information.

Mr. Villagomez's subpoena fails to clear the third *Nixon* hurdle, too: it does not seek admissible information. "Rule 17(c) was designed as a method of compelling witnesses with relevant and *admissible* documentary evidence to bring those documents to the trial or hearing at which they will be offered in evidence." *United States v. Sanchez*, 2007 WL 9606812, at *1 (E.D. Cal. Jan. 10, 2007) (emphasis added) (refusing to issue subpoena where materials sought "appear to be hearsay"). The subpoena proponent bears the burden of demonstrating that the materials he seeks "contain evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. Because hearsay is inadmissible, it cannot be sought via a Rule 17(c) subpoena.

Yet, the documents Mr. Villagomez seeks here ("training manuals," "promotional or marketing materials," and so on) are just that: out-of-court statements that the defense would seek to offer for the truth of any matters asserted. *See* Fed. Rs. Evid. 801, 802. In *Parra v. Life Ins. Co. of N. Am.*, for example, when the defendant sought to introduce a County Sheriff's Office Training Manual to argue that an autopsy *should* have been performed, the court concluded that it was inadmissible hearsay. *Parra v. Life Ins. Co. of N. Am.*, 258 F. Supp. 2d 1058, 1062 (N.D. Cal.);[4] *see also Gonzalez v. City of Garden Grove*, 2006 WL 5112757, at *5 (C.D. Cal. Dec. 4, 2006) (training manuals "are not admissible because they appear to be hearsay without an applicable exception"); *In re Crash of Aircraft N93PC on July 7, 2013, at Soldotna, Alaska*, 455

---

led to [the defendant's] current charges").

[4] Relevant here, the court also concluded that the training manual was irrelevant: "the critical fact is that an autopsy was *not performed*. Whether or not an autopsy *should have been performed* is not relevant." *Parra*, 258 F. Supp. 2d at 1062 n.2 (emphasis added).

F. Supp. 3d 906, 913 (D. Alaska 2020) (defendant's airworthiness manual could not be used to show negligence as it was admissible hearsay); *In re Nassau Cty. Strip Search Cases*, 742 F. Supp. 2d 304, 319 (E.D.N.Y. 2010) ("It seems that Fed.R.Evid. 803(6) does not embrace operating or procedural manuals.... Such documents simply do not fit the terms of the exception. They do not report or assess particular matters … and the contemporaneity requirement has no ready application, and they are not materials that are prepared on a regular or recurrent basis.") (quoting 4 Fed'l Evidence § 8:77 (3d Ed.)); *Reyes*, 239 F.R.D. at 600 ("Even assuming that the subpoenaed materials say what [the defendant] thinks they do, an assertion the [movants] dispute, these [hearsay] materials still would not be admissible.").[5]

In short, even if the subpoena sought *specific*, *relevant* information, which it doesn't, it should still be quashed because the targeted documents would be inadmissible hearsay.

### B. The testimonial subpoena should also be quashed.

Mr. Villagomez has also served a testimonial subpoena on Callyo, demanding that the company make available for trial

> [t]he person most knowledgeable at Callyo, Inc. [*sic*] who can testify about the installation, use and limitations of Callyo's software/hardware/apps/cloud-based service provided to the Los Angeles Coast Guard Investigation Service for the purpose of monitoring and recording cell phone calls and text messages of confidential informants working with the Coast Guard.

Dkt. 225-1 at 4.

But subpoenas compelling testimony must comply with the same *Nixon* factors that govern records subpoenas. In *United States v. Byler*, for instance, the court granted a motion to quash where the defendant had failed to show how the proposed witness's testimony would be "relevant or admissible." *See Byler*, 2021 WL 5984990, at *3 (D. Alaska Dec. 16, 2021) ("[T]he Court finds it appropriate to apply the same standard to both subpoenas for documents

---

[5] Given the breadth—and lack of specificity—of Mr. Villagomez's requests for "all information" regarding Callyo's "confidence and reliability testing," there are other barriers to admissibility that may be applicable. For example, any requests for testing or reports done under direction of counsel in preparation for litigation would be subject to work-product protections under Rule of Evidence 502, and any documents revealing subsequent remedial measures would be inadmissible under Rule of Evidence 407. Callyo reserves its rights to raise these objections in the future, if necessary.

subpoenas for testimony"); *see also United States v. Hardy*, 2017 WL 11463113, at *2 (D. Nev. Sept. 1, 2017) (quashing subpoena for testimony on relevance and admissibility grounds). In particular, a testimonial subpoena is appropriate only when it "seeks testimony that is relevant and material to the issue being litigated" and is not being used to "conduct a fishing expedition…." *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir.), *cert. denied*, 142 S. Ct. 489 (2021) (citing *Nixon*, 418 U.S. at 699–700).

As a result, the testimonial subpoena at issue here—which identifies many of the same vague topics as the document subpoena—should be quashed for the reasons discussed above. It is overly broad, and Mr. Villagomez has failed to explain what specific, relevant, and admissible testimony he expects to elicit.

## IV.  CONCLUSION

For the foregoing reasons, Callyo respectfully requests that its motion be granted and quash the defendant's pending subpoenas.

Dated: March 15, 2022                                    KEKER, VAN NEST & PETERS LLP

By: /s/ Nicholas D. Marais
    NICHOLAS D. MARAIS
    VICTOR H. YU

    Attorneys for Non-Party
    CALLYO 2009 CORP.